IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **MONROE BENEFIELD, III,** | ) |
| Plaintiff, | ) |
| v. | ) **Case No. 12-2755-RDR** |
| **HAYS CITY POLICE DEPT.**, and **GREYHOUND LINES, INC.,** | ) |
| Defendants. | ) |

### MEMORANDUM AND ORDER

Plaintiff, proceeding pro se, seeks damages for an incident that occurred on September 9, 2010 in Hays, Kansas while he was a passenger on a Greyhound bus. He has named the Hays City Police Department and Greyhound Lines, Inc. as defendants. These defendants have filed motions to dismiss pursuant to Fed.R.Civ.P. 12(b)(6). Plaintiff has not timely responded to the defendants' motions.

I.

Plaintiff's complaint and the attachments to it suggest that his claims arise from the following allegations. On September 9, 2010, plaintiff was traveling on a Greyhound bus from Denver, Colorado to St. Louis, Missouri with an ultimate destination of Chattanooga, Tennessee. During the trip, the bus driver telephoned the police to report an unruly passenger. The bus later stopped in Hays, Kansas. After fifteen to twenty minutes, a police officer from the City of Hays contacted plaintiff. Plaintiff was subsequently arrested by members of the Hays Police Department. The officers reported finding vodka and marijuana in plaintiff's boots. The bus

later left with plaintiff's luggage still on it. Plaintiff eventually was convicted of an unspecified charge. He was in jail for over four months. He indicates that he was released from jail on January 27, 2011. From the date of the incident through the date of his conviction, plaintiff asserts that members of the Hays Police Department and employees of Greyhound perjured themselves. He also suggests that they were part of a conspiracy to falsely arrest and falsely imprison him. He further alleges that they engaged in the theft of his luggage. Plaintiff filed the instant complaint on December 3, 2012.

## II.

In its motion, defendant Hays Police Department contends that plaintiff's claims of false arrest and false imprisonment are barred by the statute of limitations. The Department also contends that plaintiff's false imprisonment and false arrest claims are barred by Heck v. Humphrey, 512 U.S. 477 (1977). Finally, the Department argues that Kansas law does not recognize a separate cause of action for theft, perjury or conspiracy.

In its motion, defendant Greyhound argues that plaintiff has failed to state a claim against it under 42 U.S.C. § 1983 because it is not a state actor. Greyhound further contends that plaintiff has failed to state a claim for false imprisonment, false arrest, perjury or conspiracy. Finally, Greyhound asserts that plaintiff's

claim for theft or conversion is preempted by the Carmack Amendment.

III.

In deciding a Rule 12(b)(6), a court accepts as true "all well-pleaded factual allegations in a complaint and view[s] these allegations in the light most favorable to the plaintiff." Smith v. United States, 561 F.3d 1090, 1098 (10th Cir. 2009), cert. denied, 130 S.Ct. 1142 (2010). This duty to accept a complaint's allegations as true is tempered by the principle that "'mere labels and conclusions,' and 'a formulaic recitation of the elements of a cause of action' will not suffice; a plaintiff must offer specific factual allegations to support each claim." Kansas Penn Gaming, LLC v. Collins, 656 F.3d 1210, 1214 (10th Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). As recently clarified by the Supreme Court, the standard under Rule 12(b)(6) is that to withstand a motion to dismiss, "'a complaint must contain enough allegations of fact, taken as true, to state a claim to relief that is plausible on its face.'" Al-Owhali v. Holder, 687 F.3d 1236, 1239 (10th Cir. 2012) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678, (2009)). Thus, "a plaintiff must offer sufficient factual allegations to 'raise a right to relief above the speculative level.'" Kansas Penn Gaming, 656 F.3d at 1214 (quoting Twombly, 550 U.S. at 555). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully.'"

3

Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 556). It follows then that if the "complaint pleads facts that are 'merely consistent with' a defendant's liability it 'stops short of the line between possibility and plausibility of "entitlement to relief."'" Id. "'A claim has facial plausibility when the [pleaded] factual content. . . allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Rosenfield v. HSBC Bank, USA, 681 F.3d 1172, 1178 (10th Cir. 2012). "Thus, in ruling on a motion to dismiss, a court should disregard all conclusory statements of law and consider whether the remaining specific factual allegations, if assumed to be true, plausibly suggest the defendant is liable." Kansas Penn Gaming, 656 F.3d at 1214.

The court construes plaintiff's pro se complaint liberally and holds it to a less stringent standard than formal pleadings drafted by lawyers. See Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). The court, however, does not assume the role of advocate for a pro se litigant. See id.

IV.

The court shall first consider the statute of limitations arguments raised by the Department. The courts notes that at the outset that the claims raised by the plaintiff and the jurisdiction upon which they rely are not entirely clear. In his complaint and attachments, he appears at times to assert state law claims based

4

upon diversity jurisdiction.  However, he also appears to allege civil rights claims under 42 U.S.C § 1983, thus relying upon federal question jurisdiction.

To the extent that the defendant is asserting only false arrest and false imprisonment torts against the Department, the statute of limitations is one year.  K.S.A. 60-514(b); Brown v. State, 261 Kan. 6, 927 P.2d 938, 944 (1996).  Here, plaintiff was arrested on September 9, 2010, and released from imprisonment on January 27, 2011.  He filed this action on December 3, 2012.  Thus, these tort claims against the Department are barred by the applicable statute of limitations since they were filed over one year after they accrued.

State and federal law governs the timeliness of claims under 42 U.S.C. § 1983. The statute of limitations is drawn from the personal-injury statute of the state in which the federal district court sits.  Wilson v. Garcia, 471 U.S. 261, 269 (1985). Federal law, however, determines the date on which the claim accrues and the limitations period starts to run.  Wallace v. Kato, 549 U.S. 384, 388 (2007).  The statute of limitations for civil rights actions under § 1983 in Kansas is two years.  Brown v. Unified Sch. Dist. 501, 465 F.3d 1184, 1188 (10th Cir. 2006).  The statute of limitations for false arrest or imprisonment "begin[s] to run. . . when the alleged false imprisonment ends."  Wallace, 549 U.S. at 389 (internal quotation marks omitted); Mondragon v. Thompson, 519 F.3d 1078, 1082

5

(10th Cir. 2008). The false imprisonment ends for these purposes either when the victim is released or when the victim's imprisonment becomes "pursuant to [legal] process—-when, for example, he is bound over by a magistrate or arraigned on charges." Mondragon, 519 F.3d at 1083(quoting Wallace, 549 U.S. at 389). "Thus, either the date of release or the date of sufficient legal process starts the statute of limitations running for these claims." Id.

Plaintiff's 1983 claims for false arrest or false imprisonment are not time-barred since he filed his complaint within two years from his release from imprisonment. Accordingly, these claims cannot be dismissed based upon statute of limitations grounds.

The court shall next turn to the arguments made by the defendants that none of plaintiff's claims state a claim upon which relief can be granted. First, as correctly pointed out by the Department, plaintiff's claims of false arrest, false imprisonment and perjury under § 1983 are barred by the favorable termination rule first announced in Heck, 512 U.S. at 486-87(holding that a section 1983 action seeking money damages is not cognizable if a favorable decision would "necessarily imply the invalidity of [a] conviction or sentence" unless such a sentence has previously been invalidated). In Heck, the United States Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a

> conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance or a writ of habeas corpus, 28 U.S.C. § 2254.

512 U.S. at 486-7. "The purpose behind Heck is to prevent litigants from using a § 1983 action, with its more lenient pleading rules, to challenge their conviction or sentence without complying with the more stringent exhaustion requirements for habeas actions." Butler v. Compton, 482 F.3d 1277, 1279 (10th Cir. 2007) (citation omitted). "The starting point for the application of Heck then is the existence of an underlying conviction or sentence that is tied to the conduct alleged in the § 1983 action." Id. "In other words, a § 1983 action implicates Heck only as it relates to the conviction that it would be directly invalidating." Id.

Plaintiff has provided no information that he has successfully challenged the underlying circumstances of his conviction by the proper assertion of a habeas corpus petition or otherwise. Thus, having failed to first obtain the favorable termination of his challenged conviction, the instant civil rights claim is necessarily barred by Heck, as such suit would constitute an impermissible collateral attack on the validity of his conviction and sentence. See, e.g., Burden v. Wood, 200 Fed.Appx. 806, 807 (10th Cir. 2006) (false arrest claim, in light of a conviction that has not been

overturned on direct appeal or otherwise rendered invalid, cannot be maintained in light of Heck); Franklin v. Thompson, 981 F.2d 1168, 1170 (10th Cir. 1992)("plaintiff's misdemeanor convictions foreclose her from challenging the legality of her arrest in a subsequent civil action").

Second, the court finds that plaintiff has failed to adequately state any conspiracy between the Hays Police Department and Greyhound. Plaintiff has failed to present sufficient factual detail to justify allowing this claim to proceed. He has failed to allege specific facts showing communication, agreement, a meeting of the minds, or concerted action among defendants in furtherance of the alleged conspiracy; conclusory allegations are insufficient. Brooks v. Gaenzle, 614 F.3d 1213, 1228 (10th Cir. 2010); Gallegos v. City & Cnty. of Denver, 984 F.2d 358, 364 (10th Cir. 1993)("[P]laintiff has not established, by either direct or circumstantial evidence, that there was a meeting of minds or agreement among certain of the defendants, discriminatorily motivated, to deprive her of equal protection."); see also Twombly, 550 U.S. at 564-66 & n. 10 (stating mere conclusions of conspiracy based on nothing more than parallel conduct without specific facts showing time, place, and names of conspirators is insufficient).

Third, the court finds that plaintiff's claims of theft, perjury and conspiracy fail to state causes of action under Kansas law. See

Droge v. Rempel, 39 Kan.App.2d 455, 180 P.3d 1094, 1097 (2008)(Kansas courts will not infer a private cause of action where a statute provides criminal penalties but does not mention civil liability); Hokanson v. Lictor, 5 Kan.App.2d 802, 626 P.2d 214, 218 (1981)(no civil cause of action for perjury exists in Kansas); Knight v. Neodesha Police Dept., 5 Kan.App.2d 472, 620 P.2d 837, 843 (1980) (Kansas law requires an actionable tort independent of the alleged conspiracy to maintain a claim).

To the extent that plaintiff may have intended to bring a cause of action for the tort of conversion, such a claim would be barred by the statute of limitations.  In Kansas, conversion claims are governed by a two-year statute of limitations. K.S.A. 60-513(a)(2). Plaintiff's luggage was allegedly taken on September 10, 2010, when the bus driver left Hays without giving plaintiff his luggage.  This cause of action expired on September 9, 2012, over two months before plaintiff filed this action.

Fourth, any claim against Greyhound for theft or conversion is preempted by the Carmack Amendment.  The Carmack Amendment, 49 U.S.C. 14706, provides the exclusive remedy for claims for damages resulting from the transportation of goods across state lines or between a place in the United States and a place in an adjacent foreign country.  Underwriters at Lloyds of London v. North American Van Lines, 890 F.2d 1112, 1121 (10th Cir. 1989). The Carmack Amendment

limits the shipper's remedy to "actual loss or injury to the property" transported. 49 U.S.C. § 14706.

The Carmack Amendment applies to bus passengers claims relating to loss or damage to luggage. See, e.g., Chaplin v. Greyhound Lines, Inc., 1995 WL 419741 at *2-3 (N.D. Cal. 1995) (holding that a bus passengers state law claims for failure to deliver baggage timely was preempted). Moreover, "[t]he preemptive effect of § 14706 [Carmack Amendment] cannot be overcome simply by characterizing the loss as a conversion or as some other tort." Aircraft Instrument & Radio Co., Inc. v. United Parcel Service, Inc., 117 F. Supp.2d 1032, 1035 (D.Kan. 2000).

Plaintiff has failed to state any claim under Carmack Amendment. He is not seeking relief under that Act and has not stated any facts demonstrating that he would be entitled to relief under it.

V.

In sum, the court finds that the defendants' motions to dismiss should be granted. For the reasons set forth previously, the court determines that plaintiff has failed to state any claim upon which relief can be granted. The court shall deny Greyhound's request for attorneys' fees.

**IT IS THEREFORE ORDERED** that defendant Hays Police Department's motion to dismiss (Doc. # 9) be hereby granted. Plaintiff has failed to state a claim against the Hays Police Department upon which relief

can be granted.

**IT IS FURTHER ORDERED** that defendant Greyhound Lines, Inc.'s motion to dismiss (Doc. # 10) be hereby granted.  Plaintiff has failed to state a claim against Greyhound Lines, Inc. upon which relief can be granted.  Greyhound Lines, Inc.'s request for attorneys' fees is hereby denied.

**IT IS SO ORDERED.**

Dated this 11th day of February, 2013 at Topeka, Kansas.

>                             s/Richard D. Rogers
>                             United States District Judge

11